IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAMAJZAE SUMMERS, #Y18337,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:19-cv-01338-SMY |
| ) | |
| **STEPHANIE WAGGONER,** ) | |
| **DAVE WHITE,** ) | |
| **JOHN R. BALDWIN,** ) | |
| **DARIN WELLS, and** ) | |
| **C/O SHIELDS,** ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Damajzae Summers, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims violations of the First, Eighth and Fourteenth Amendments, the Prisoner Rape Elimination Act ("PREA"), and IDOC policies, rules, and regulations. He seeks monetary damages and injunctive relief. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1): Correctional Officer Shield entered section 4 with a homemade sex toy and paraded the toy around in a sexual manner asking inmates to perform sexual acts. Shields left the section for approximately 5-10 minutes,

returned, and went into a different section to sell the toy for a box of cakes. After receiving the cakes, Shields went to the officer's bubble with the toy. He again returned to the section and asked who the toy belong to. To be funny, Plaintiff responded, "it's mine." Officer Shield then came in between Plaintiff's bunk and another bunk and began poking at the toy with a badge pen. Plaintiff threw up his hands to "block" it. Fluid was then released and got on Plaintiff and two other inmates. The substance shot out and was on Plaintiff's hands, arms, and feet. He asked Officer Shields if he was going to clean up the mess and Shields responded "no" and walked away laughing. The next morning, Plaintiff attempted to call the PREA hotline. He was told PREA had to be on his approved call list. He then contacted a lieutenant and told him what had occurred, and Internal Affairs was contacted. The next day, Shield came in the section and made a joke saying, "Lucy had her period." Plaintiff felt uncomfortable.

Plaintiff wrote a grievance because he did not feel internal affairs did a thorough investigation into Shield's unbecoming conduct or reviewed video and audio recordings as required by department policy. Lieutenant Bogart told Plaintiff it was not a serious matter and should not be treated as a PREA case. Plaintiff has written five emergency grievances and none of them have been responded to. Counselor Wells' response to his grievance did not address the predatorial acts of Shields. Warden Waggoner and the Administrative Review Board (ARB) found his claims to be substantiated but took no action.

Plaintiff is in fear for his safety. There are no cameras, which furthers his fears of being in danger of being sexually abused by a correctional officer. Plaintiff has been harassed and threatened by other officers while trying to tell them about what happened. He was fired from his job in the dining hall for no reason.

Based on the allegations in the Complaint, the Court designates the following claims in this

*pro se* action:

| | | |
|---|---|---|
| Count 1: | Fourteenth Amendment due process claim against Baldwin, White, Waggoner, and Wells for failure to investigate Plaintiff's complaint. | |
| Count 2: | Fourteenth Amendment claim against White, Waggoner, and Wells for improper handling of Plaintiff's grievance. | |
| Count 3: | Claim for violation of IDOC policy, rules, and regulations, including Shields's failure to conduct himself in a professional manner. | |
| Count 4: | Eighth Amendment harassment claim against Shields. | |
| Count 5: | First Amendment retaliation claim for Plaintiff being fired from his job in the dining hall in response to grievances and a PREA complaint. | |

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Preliminary Dismissals

Plaintiff refers to individuals in his statement of claim who are not named as defendants in the case caption. Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption. Therefore, any claims intended against the individuals not identified in the case caption are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding *pro se* Complaint failed to state a claim against individual mentioned in body of Complaint but not specified in the caption).

To the extent Plaintiff seeks to hold IDOC Director Baldwin and Warden Waggoner

---

[1] In his request for relief, Plaintiff seeks criminal proceedings against Shields. This is not a remedy available in a Section 1983 action.

responsible for the acts and/or omissions of IDOC employees, there is no respondent superior or "supervisor liability" under 42 U.S.C. § 1983, *see Chavez v. Illinois State Police*, 251 F.3d 612, 651 (2001), and those claims are dismissed.

## **Discussion**

### **Count 1**

With respect to the alleged failure to investigate Plaintiff's complaints, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1995). In fact, the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich,* 681 F.2d 1091 (7th Cir. 1982). Therefore, prison officials incur no liability under § 1983 if they fail or refuse to investigate a prisoner's complaints or grievances. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (inmate's claim that prison officials failed to investigate his grievances that mailroom and security staff was stealing his property was indisputably meritless because inmate did not have a due process right to an investigation). Because inmates do not have a due process right to have their claims investigated at all, Plaintiff fails to state a claim. *See Watson v. Dodd*, No. 16-CV-1217-NJR, 2017 WL 120951, at *6 (S.D. Ill. Jan. 12, 2017); *Wilkins v. Illinois Dep't of Corr.* No. 8-cv-732-JPG, 2009 WL 1904414, at *9 (S.D. Ill. July 1, 2009). Accordingly, Count 1 will be dismissed.

### **Count 2**

"Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also Owens v.*

4

*Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."). Additionally, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

With respect to the alleged failure to follow the PREA mandate to fully investigate Plaintiff's allegations of sexual assault, it is true that prison officials have a duty under the Constitution to protect prisoners from assault. *Farmer v. Brennan*, 511 U.S. 825 (1994). However, the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened. *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "Further, PREA does not give prisoners a personal right to sue for an official's failure to comply with the Act's requirements." *Watson v. Dodd*, No. 16-CV-1217-NJR, 2017 WL 120951, at *6 (S.D. Ill. Jan. 12, 2017); *Garness v. Wisconsin Dep't of Corr.*, No. 15-cv-787-BBC, 2016 WL 426611, at *2 (W.D. Wis. Feb. 3, 2016) (citing *Ross v. Gossett*, No. 15-CV-309-SMY-PMF, 2016 WL 335991, at *4 (S.D. Ill. Jan. 28, 2016)). *See also J.K.J. v. Polk Cty.*, No. 15-cv-428-WMC, 2017 WL 28093, at *12 (W.D. Wis. Jan. 3, 2017) ("[T]here is no private right of action under the PREA.").

For these reasons, Plaintiff's allegations that his grievances and PREA complaint were mishandled fail to state a claim and, therefore, Count 2 will be dismissed.

**Count 3**

Section 1983 "protects plaintiffs from constitutional violations, not violations of state laws or ... departmental regulations and police practices." *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003); *see also See Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) ("a violation of a state law is not a ground for a federal civil rights suit); *Ashley v. Snyder*, 739 N.E.2d

897, 902 (Ill.App.Ct. 2000) (prison regulations were "never intended to confer rights on inmates or serve as a basis for constitutional claims"). As such, Plaintiff's allegations that Defendants violated state administrative laws and/or IDOC policies, rules, and regulations fails to state a claim. Count 3 will be dismissed.

### Count 4

Allegations of verbal abuse and threats are generally insufficient grounds for relief under § 1983. *See Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) ("[M]ost verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). However, verbal harassment that causes physical or psychological pain may amount to cruel punishment under the Eighth Amendment. *Beal*, 803 F.3d at 357-58. Plaintiff does not describe psychological pain or the type of verbal harassment sufficient to constitute cruel punishment. Therefore, Count 4 will be dismissed.

### Count 5

Plaintiff implies that he was fired from his job in the dining hall either as retaliation or harassment. But he does not allege that any defendant was responsible for him being fired or otherwise associate this claim with any defendant. Accordingly, Count 5 will be dismissed.

### Disposition

Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **November 30, 2020**. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. Should Plaintiff file a First Amended Complaint, it is strongly recommended

that he use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 19-cv-01338-SMY). Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C.

§ 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 28, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**