**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DAMAJZAE SUMMERS, #Y18337,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:19-cv-01338-SMY |
| ) | |
| **STEPHANIE WAGGONER, DAVE WHITE,** ) | |
| **JOHN R. BALDWIN, DARIN WELLS, and** ) | |
| **C/O SHIELDS,** ) | |
| **Defendants.** ) | |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

This matter is before the Court for case management. Plaintiff Damajzae Summers, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. The Complaint did not survive screening because Plaintiff failed to state a claim for relief, and on October 28, 2020, the Court dismissed the Complaint without prejudice pursuant to 28 U.S.C. § 1915A. (Doc 9). Plaintiff was granted leave to file a First Amended Complaint on or before November 30, 2020 and was warned that if he failed to submit a First Amended Complaint, this case would be dismissed with prejudice. (Doc. 9, pp. 6-7).

The deadline to file a First Amended Complaint has passed and Plaintiff has not filed the pleading or requested an extension. Accordingly, this case is **DISMISSED with prejudice** for Plaintiff's failure to comply with the Court's Order and to prosecute his claim. Fed. R. Civ. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice). Because the Complaint failed to state a claim upon which relief may be granted, **this dismissal shall count as a strike for purposes of 28 U.S.C. 1915(g)**.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  Fed. R. App. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED.R.APP.P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED:  December 10, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**